TOLL et al. v. PRINCE LINE, Limited.

(District Court, E. D. New York. May 5, 1903.)

1. SHIPPING—LIABILITY FOR INJURY OF SEAMAN—UNSAFE PLACE TO WORK.
   A ship cannot be held liable for the injury of seamen who were sent into the fore peak to paint it with asphalt paint, using a lamp, caused by an explosion, where the evidence shows that the paint is not explosive and is commonly used to paint inclosed places, and that the men usually work with exposed candles or torches; there being no explanation of the accident unless it was caused by one of the men setting the paint on fire with the lamp.

In Admiralty. Action to recover damages for personal injuries.

Edward M. Stothers, for libelants.
Convers & Kirlin, for claimant.

THOMAS, District Judge. Two sailors, the libelants, went with the boatswain into the lower fore peak of a ship for the purpose of painting the interior with asphalt paint. They had been painting from 10 to 20 minutes, when there was a fire and explosion, and the three men came out, all so badly burned that the boatswain died, and the two men were severely injured. The peak was about 25 feet wide aft, some 12 feet high, and tapered, following the lines of the ship to the bow, and received air from an ordinary manhole at the top. A few days before, these men had been painting in the same place. On several occasions thereafter a lantern had been lowered into the peak, and it went out, until the morning in question; showing the influence upon the air of the paint. But on the morning in question a lamp was lowered before the men went in, and continued to burn. The fact that the lamp went out did not indicate that there was danger of explosion. It appears that the paint is commonly used for painting fore peaks, tanks, and other confined places in ships, and that men usually work with exposed candles or torches. While the light tends to burn low or to be extinguished, there is no evidence of explosion accompanying such extinguishment. The evidence is clear that the paint is not explosive, either in confined places or when applied to hot surfaces. Hence the libelants' contention that the place or material was dangerous, on account of the explosive nature of the material, has no other basis than the fact that there was an explosion in the present instance. But the master had no occasion to suspect its occurrence. There is no explanation of the accident, be-

yond the statement of one of the libelants shortly after the event, which tends to show that his associate, the other libelant, ignited the paint with his lamp.

The libel must be dismissed.